—————

## THE G–883.

(District Court, D. Rhode Island.   June 24, 1925.)

No. 1566.

**Intoxicating liquors ⬤⟞250—Vessel held subject to forfeiture under Prohibition Act.**

Refusal to release on bond vessel seized for illegal transportation of liquor, under Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), does not estop the government from proceeding against her for forfeiture.

In Admiralty.   Libel by the United States for forfeiture of the motorboat G–883.   Decree of forfeiture.

Norman S. Case, U. S. Atty., and Harold A. Andrews, Asst. U. S. Atty., both of Providence, R. I.

Daniel T. Hagan, of Providence, R. I., for claimant.

MORTON, District Judge.   Motorboat G–883 was seized on September 17, 1924, at about 12:30 a. m., near the mouth of the Seaconnet river.   She was coming in from sea and had on board 99 cases of alcohol. She was licensed as a fishing boat.   Her crew were captured with the vessel.   They were indicted under the revenue statutes, but that indictment was nol. pross'd, and they were convicted upon their pleas of guilty to illegal transportation under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).   An application was seasonably made by the claimant for the release of this vessel on bond, but the officers in charge of her refused to release her.

Some question was made about the legality of the appointment of the officers who made the seizure.   The point is immaterial, because, after it had been made, it was ratified by officers who had unquestionably power to take such action.

The charges against this boat are:

(1) That she took part in an unlawful transshipment of merchandise within four leagues of the coast;

(2) That she was used for the removal, deposit, and concealment of goods upon which a tax or tariff was imposed; and

(3) That she was subject to forfeiture for the illegal transportation of intoxicating liquor under the National Prohibition Act.

The first charge is not sustained by the evidence.   It does not appear where she obtained her cargo of liquor.

The facts do not sustain the second charge under a correct interpretation of the statute. U. S. v. One Buick Automobile (D. C.) 300 F. 584.

This boat was undoubtedly engaged in the illegal transportation of liquor under the National Prohibition Act.   The only reason argued why she should not be forfeited therefor is that, after this cause of forfeiture was alleged, the government officers refused to release her on bond, as required by the Prohibition Act.   It is contended that this refusal in effect estops the government from insisting on this charge.   There is no provision in the statute which gives the refusal such effect, and no decision has been called to my attention supporting this contention.

Let there be a decree for forfeiture under the National Prohibition Act.